## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **D.C. CV. NO. 2005-091** |
| Plaintiff/Respondent, | ) | |
| | ) | Ref: CR. No. 2001-027 |
| | ) | |
| | ) | |
| **LORENZO ROBLES,** | ) | |
| Defendant/Petitioner. | ) | |
| ——————————————————— | ) | |

**Copies to:**
> Ruth Miller, Magistrate Judge
> United States Attorney
> Lorenzo Robles, *Pro Se* (Please Mark: "LEGAL MAIL")

### <u>MEMORANDUM OPINION</u>

**FINCH, Senior Judge.**

This matter comes before the Court on Petitioner Lorenzo Robles' ("Robles" or "Petitioner") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and the government's responses in opposition thereto. For the reasons set forth below, Robles' § 2255 motion will be denied.

The Court need not order an evidentiary hearing where the motion, files and records of the case conclusively show that petitioner is not entitled to relief. *See* Rules Governing Section 2255 Proceedings, Rule 8; *United States v. Booth,* 432 F.3d 542, 545-46 (3d Cir. 2005) (citations omitted). "Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). The record conclusively demonstrates that an evidentiary hearing is not warranted and Robles is not entitled to relief.

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 2

## I.      FACTS AND PROCEDURAL HISTORY

On the evening of June 28, 1996, Robles and two co-conspirators ambushed Eugene Freeman ("Freeman") as he was walking to his car.  Robles placed a gun to Freeman's face, ordered him to the ground, and then struck him in the head with the gun.  Robles ordered Freeman to hand over the contents of his pockets, which included two hundred fifty dollars ($250.00), and he and his co-conspirators left Freeman on the roadside as they drove away in Freeman's car.

At approximately 1:00 A.M., Robles cut off an oncoming car, forcing the car to stop. Robles gave his gun to one of his co-conspirators who ordered the driver, Jose Garcia ("Garcia"), to the back seat.  Robles and his two co-conspirators drove away in the car with Garcia still in the back seat.  When Garcia tried jumping from the back seat, one of Robles' co-conspirators beat Garcia with the gun and placed him in the trunk.  They drove Garcia to a secluded area and ordered him to jump from a cliff.  Robles and a co-conspirator then set the car on fire.  Garcia survived the jump and was able to seek help.

Weeks later, on July 17, 1996, Robles and a co-conspirator approached Michael George ("George") who was sitting in his truck outside his home.  Robles pointed a gun at George and forced him out of the car.  Robes and his co-conspirator then tied up George and his sister inside the house and stole a television and a pair of sneakers.  Robles and his co-conspirator then drove away in George's truck.

Robles was charged in a thirteen-count indictment with carjacking, use of a firearm during the commission of a crime of violence, possession of a firearm by a drug user, possession

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 3

of a firearm by a felon, and use of fire to commit a felony.[1]   On December 14, 2001, after a jury trial in which the government's evidence included the testimony of one of Robles' co-conspirators, Robles was convicted on all 13 counts.[2]

In a June 23, 2003 Amended Judgment,[3] Robles was sentenced to 151 months on the carjacking and firearm possession counts (Counts 1 thru 8, 10, 12, 13); 60 months on the use of fire offense (Count 9); and 480 months on the use of a firearm during the commission of a crime of violence (Counts 6 and 11).   These sentences were to run consecutively for a total of 691 months (57.8 years).

On appeal to the Court of Appeals for the Third Circuit ("Third Circuit"), Robles argued violations of his Fifth Amendment right to due process and Sixth Amendment right to a speedy trial and the Government's failure to present sufficient evidence to support his conviction.   In a May 6, 2005 opinion, the Third Circuit held: 1) that the District Court did not err in denying Robles' motion to dismiss his indictment for violations of his Fifth Amendment right to due process and Sixth Amendment right to a speedy trial; 2) that each carjacking involved Robles' or

---

[1]     Robles' indictment charged three counts of carjacking in violation of 18 U.S.C. §2119(1) (Counts 1, 5, 10), three counts of use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. §924 (c) (Counts 2, 6, 11), three counts of possession of a firearm by a drug user in violation of 18 U.S.C. 922(g)(3) (Counts 3, 7, 12), three counts of possession of a firearm by a felon in violation of 18 U.S.C. §922(g)(1) (Counts 4, 8, 13), and one count of use of fire to commit a felony in violation of 18 U.S.C. §844(h)(1) (Count 9).

[2]     The carjacking offenses carried a maximum consecutive sentence of 45 years (15 for each count). The firearm possession (by felon or by drug user) counts carried a maximum consecutive sentence of 30 years (10 years per count).   The offense level for these offenses was Level 33 (or 151-188 months).   The use of fire offense carried a sentence of 5 to 15 years.   Lastly, the use of firearm during violent crime offenses carried mandatory sentences of 5, 20 and 20 years for the first, second and third 924(c) offenses.

[3]     Robles' initial Judgment dated May 9, 2003 was subsequently amended on June 23, 2003 to correct a clerical error pursuant to Rule 36 of the Federal Rule of Criminal Procedure.

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 4

his co-conspirator's use of a gun and Robles and his co-conspirators accosted and physically harmed two of their victims and brandished a gun at two others, therefore, there was ample evidence for the jury to have concluded Robles' intent to cause his victims serious harm if necessary to steal the car; and 3) that evidence of the defendant's drug use on a single occasion is insufficient to support a conviction under 18 U.S.C. § 922(g)(3).   Having found that the evidence was insufficient to support a conviction as to Counts 3, 7, and 12, the Third Circuit vacated Robles' conviction as to those Counts, and affirmed the judgment in all other respects. *United States v. Robles*, 129 Fed. Appx. 736 (3d Cir. 2005).   The Third Circuit's ruling, which did not change Robles' sentence, was entered on May 31, 2005.    His conviction became "final" 90 days later,[4] and he filed this timely motion pursuant to 28 U.S.C. § 2255 on June 13, 2005, shortly after the Third Circuit ruled on his appeal.


II.    DISCUSSION

A.    Issues

     Robles is now before the Court on a motion pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel on the following grounds:   1) failure to pursue an appeal on his

---

[4]        In *Jimenez v. Quarterman*, the Supreme Court reiterated that if a federal prisoner chooses not to seek direct review in that Court, then the conviction becomes final when "the time for filing a certiorari petition expires."   *Jimenez*, 555 U.S. 113, 119-20 (2009) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003).   The Third Circuit has stated that the purpose of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, Title I, § 105, 110 Stat. 1214, 1220 (1996) (codified at 28 U.S.C. § 2255) is best furthered by an interpretation of § 2255 that recognizes the legal reality that the decision of a court of appeals is subject to further review, and therefore not "final" within the meaning of § 2255 until direct review has been completed.   Recognizing that one is allowed 90 days to file a petition for certiorari does not mitigate the congressional objective of imposing time limits where none previously existed.   *Kapral v. United States*, 166 F.3d 565, 571 (3d Cir. 1999).   Thus, Robles' one-year period of limitation began to run 90 days from May 31, 2005.   *See id.* at 577.

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 5

behalf; 2) that the evidence was insufficient to convict him of possession of a firearm by a drug user pursuant to 18 U.S.C. § 922(g)(3), and that he was "actually innocent";[5] 3) that the jury did not find that the 924 (c) charges in Counts 6 and 11, were second and subsequent offenses, and the Court made such findings and used the offense to enhance his sentence in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington,* 542 U.S. 296 (2004); 4) that the jury did not find that he used a firearm; that bodily injury resulted from the offense; and that the offense involved carjacking, therefore, the Court improperly used these findings to increase his sentence in violation of *Apprendi*, *Blakely*, and *United States v. Booker*, 543 U.S. 220 (2005);[6] and 5) that his counsel[7] was ineffective in allowing the Court to use his prior state conviction over which it had no jurisdiction, and he was entitled to notice of use of the conviction under 21 U.S.C § 851 before the conviction could be used to place him in a criminal history category II.

The Government counters that Robles' claim that he was denied effective assistance by his counsel's failure to file an appeal on his behalf is without merit because his trial counsel did in fact file an appeal from the June 20, 2003 judgment of conviction and also filed an appellate brief. The Government also argues that Robles incorrectly claims that the jury did not find that the 924(c) charges in Counts 6 and 11 were second and subsequent offenses. The Government

---

[5]      "'Actual innocence' means factual innocence, not mere legal insufficiency."   *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted).

[6]      Robles also relies generally on the holding in *United States v. Fanfan*, No. 03-047, 2004 WL 1723114 (D. Me. Jun. 28, 2004).   *Fanfan*, the companion case to *Booker*, is inextricably intertwined in the Court's analysis of *Apprendi*, *Blakely* and *Booker*.

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 6

further argues that Robles' claim that the jury did not find that he used a firearm; that bodily injury resulted from the offense; and that the offense involved carjacking – findings Robles claims were used to enhance his sentence – were necessarily found by the jury and did not illegally increase Robles' sentence. The Government also contends that it is unaware of any prior state/territorial conviction that was used to raise Robles' criminal history category for sentencing purposes. Lastly, the Government concedes and argues moot, Robles' claim that there was insufficient evidence to convict him of possession of a firearm by a drug user under § 922(g)(3).

In his November 2011 supplemental § 2255 motion, Robles raises two new arguments: 1) that his counsel, provided ineffective assistance by allowing him to answer to a crime over which this Court lacked subject matter jurisdiction due to an expired statute of limitation; and 2) that his counsel was ineffective at trial in allowing him to be convicted where the evidence was insufficient to convict him of carjacking and firearms possession because the government failed to produce a victim who had been exposed to a weapon and carjacked and who testified that Robles was responsible for those acts. The Government counters that: 1) the response was untimely and should be summarily denied; 2) Robles was charged within the 5-year statute of limitations; 3) counsel raised the sufficiency of the evidence on all counts on appeal and the Third Circuit concluded that there was sufficient evidence to sustain the carjacking convictions; and 4) Robles' claims lack merit.

---

[7]      Robles' counsel at trial and on appeal was Joseph Mingolla, Esq. ("Mingolla").

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 7

## B.      Applicable Legal Standards

A § 2255 motion is not a substitute for a direct appeal and serves only to protect a petitioner from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred.[8]  It may not be used to relitigate matters decided adversely on appeal.[9]  Section 2255 permits a court to afford relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255. Therefore, to prevail on the instant Section 2255 motion, Robles must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *see also Cancel v. United States*, No. CV. 2010-036, 2011 WL 4374960, at *2 (D.V.I. Sept. 19, 2011).  Even an error that may justify a reversal on direct appeal will not necessarily sustain a collateral attack. *See United States v. Addonizio,* 442 U.S. 178, 184-85 (1979).

"[G]iven the myriad safeguards provided to assure a fair trial, and taking into account the reality of the human fallibility of the participants, there can be no such thing as an error-free, perfect trial, and . . . the Constitution does not guarantee such a trial."  *United States v. Hasting*,

---

[8]      *See Reed v. Farley*, 512 U.S. 339, 348 (1994); *United States v. Frady,* 456 U.S. 152, 165 (1982); *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000).

[9]      See *United States v. Orejuela*, 639 F.2d 1055, 1057 (3d Cir. 1981).

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 8

461 U.S. 499, 508-09 (1983) (citations omitted).   That is, "the court is not engaging in a prophylactic exercise to guarantee each defendant a perfect trial with optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel."  *Marshall v. Hendricks*, 307 F.3d 36, 90 (3d Cir. 2002).

To prevail on a claim of ineffective assistance of counsel, Robles must satisfy the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).   First, he must show that, considering the facts of the case, his counsel's challenged actions were unreasonable.   *Id.* at 690.   The Court must review Robles' claims under the "strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"   *Id.* at 688.   Second, Robles must show that he was prejudiced by counsel's conduct in that there is a "reasonable probability" that deficient assistance of counsel affected the outcome of the proceeding at issue.   *Id.* at 694-95.

**C.    Robles' challenge to his conviction of possession of a firearm by a drug user is moot.**

Title 18, Section 922(g)(3) of the United States Code provides in relevant part that: "It shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance . . . to possess in or affecting commerce, any firearm."   As previously noted, the sufficiency of the evidence to sustain Robles' conviction of possession of a firearm by a drug user was examined on direct appeal, and the Third Circuit found insufficient evidence to sustain that conviction.   The Third Circuit held:

Robles challenges his conviction of possession of a firearm by a drug user, Counts

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 9

> 3, 7, and 12, citing this Court's ruling in his co-defendant's case, *United States v. Augustin*, 376 F.3d 135 (3d Cir. 2004), in which we stated that evidence of the defendant's drug use on a single occasion is insufficient to support a conviction under 18 U.S.C. § 922(g)(3).

*Robles*, 129 Fed. Appx. at 739.   In finding the evidence insufficient, the Third Circuit made it clear that "one must be an unlawful user at or about the time he or she possessed the firearm and that to be an unlawful user, one needed to have engaged in regular use over a period of time proximate to or contemporaneous with the possession of the firearm."  *Augustin*, 376 F.3d at 139.   Thus, the three (3) Counts in question (3, 7, and 12) were vacated and the issues raised in this § 2255 motion relative to those Counts are now moot.

**D.    Counsel effectively represented Robles on appeal.**

Robles alleges that he was denied effective assistance because his trial counsel failed to file a notice of appeal on his behalf.   Robles further alleges that he was informed in a letter from the Third Circuit that he would be provided counsel for appeal purposes, but none was provided although the record showed that he was an indigent defendant.   (Mem. In Support of § 2255 Mot. at 4.)   Because it is clear that an appeal was filed, it appears that Robles' objection is to the fact that it was he, and not his counsel, who filed the timely notice of appeal in this Court on May 7, 2003.  (*United States v. Robles*, D.C. CR. No. 2001-027, Docket No. 98.)

In an Order entered in the Third Circuit on May 4, 2004, Mingolla, Robles' trial counsel, was appointed under the provisions of the Criminal Justice Act ("CJA") to represent Robles on appeal.   Mingolla filed his brief and appendix on November 30, 2004.   Therefore, Mingolla did, in fact, appear on behalf of Robles on appeal.   Under *Strickland*, this Court would have to find

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 10

not only that Mingolla was objectively unreasonable in failing to file a notice of appeal, but also

that Robles was prejudiced by his failure to do so.   As a result of Mingolla's efforts in that

appeal, Robles' conviction on three (3) counts of possession of a firearm by a drug user was

vacated.   *Robles*, 129 Fed. Appx. at 739.   The Court does not find that the actions of Mingolla

on appeal ran afoul of the Sixth Amendment based on the two-part test enunciated in *Strickland*.

*See, e.g.*, *Washington v. Ricci*, 631 F. Supp. 2d 511 (D.N.J. 2008) (holding in the context of a

Section 2254 petition that insofar as Petitioner filed a *pro se* notice of appeal and he was able to

pursue a direct appeal, Petitioner was not prejudiced by counsel's failure to file a notice of

appeal, and the court's rejection of Petitioner's ineffective assistance of counsel claim was not

contrary to, or an unreasonable application of, *Strickland*). This argument lacks merit.

**E.**      **Whether Robles' sentence ran afoul of *Apprendi*, *Blakely*, and *Booker*.**

In *Apprendi,* the Supreme Court held that, "under the Due Process Clause of the Fifth

Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other

than prior conviction) that increases the maximum penalty for a crime must be charged in an

indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi*, 530 U.S. at

476 (citation and internal quotation marks omitted).   Under *Apprendi*, the "standard range" is the

statutory maximum, and "thus any facts found justifying a sentence above the standard range

must be found by a jury." *Reinhold v. Rozum*, 604 F.3d 149, 153 (3d Cir. 2010) (citation

omitted).   Evolving from *Apprendi*, in 2004 the Supreme Court in *Blakely* determined that

application of Washington's sentencing guidelines violated the defendant's rights under *Apprendi*

because "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 11

impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*"

*Blakely,* 542 U.S. at 303 (emphasis in original) (citations omitted).   *Booker* applied the *Blakely*

holding to the Federal Sentencing Guidelines.   *See Lloyd v. United States,* 407 F.3d 608, 611 (3d

Cir. 2005).

Subsequent to the filing of Robles' appellate brief, the Third Circuit ordered the parties to

comment on the applicability of *Booker.*   (3d Cir. No. 03-2467, Docket Entry of Feb. 16, 2005.)

That Court ultimately vacated Robles' convictions on three counts, and otherwise affirmed his

judgment and sentence.   *See Robles,* 129 Fed. Appx. at 739; *see also United States v. Robles*, 3d

Cir. No. 03-2467, Order of Feb. 6, 2005.

Robles argues that the jury did not find that the 924(c) offense in Counts 6 and 11,[10] were

second and subsequent offenses, but the Court made such findings and used the offense to

enhance his sentence in violation of *Apprendi* and *Blakely*.   The government counters that

Robles claim is incorrect because the jury found him guilty of three (3) separate carjacking

events:   one carjacking that occurred on June 28, 1996 (Count 1), a second carjacking that

---

[10]         Counts VI and XI of the Indictment charged as follows:

**Count 6: (Use of Firearm During Violent Crime)** charges that on or about June 29, 1996, in St. Croix, District of the Virgin Islands, defendants Lorenzo Robles and Renie Augustin did use and carry a firearm during and in relation to a crime of violence, that is, carjacking (on Jose Garcia) in violation of 18 U.S.C. § 2119 (1), for which defendants may be prosecuted in a court of the United States, and did brandish the firearm, in violation of Title 18, United States Code, Section 924 (c)(1)(A)(ii).

**Count 11: (Use of Firearm During Violent Crime)** charges that on or about July 17, 1996, in St. Croix, District of the Virgin Islands, defendant Lorenzo Robles, did use and carry a firearm during and in relation to a crime of violence, that is, carjacking (on Michael George) in violation of 18 U.S.C. § 2119 (1), for which defendant may be prosecuted in a court of the United States, and did brandish the firearm, in violation of Title 18, United States Code, Section 924 (c)(1)(A)(ii).

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 12

occurred on June 29, 1996 (Count 5), and a third carjacking that occurred on July 17, 1996

(Count 10).   Thus, citing the holding in *United States v. Casiano*, the government argues that

those guilty findings were arrived at successively, and the finding of guilt on each count after the

first was second or subsequent.   *Casiano*, 113 F.3d 420, 424 (3d Cir. 1997) (citing *Deal v.*

*United States*, 508 U.S. 129, 132-33 (1993)).   Therefore, the jury was not required to make any

special finding.   The government is correct.

Section 924(c) provides, in pertinent part that:

[A]ny person who, during and in relation to any crime of violence . . . uses or
carries a firearm, or who, in furtherance of any such crime, possesses a firearm,
shall, in addition to the punishment provided for such . . . crime of violence . . . be
sentenced to a term of imprisonment of not less than 5 years . . . . In the case of a
second or subsequent conviction under this subsection, the person shall . . . be
sentenced to a term of imprisonment of not less than 25 years . . . . [N]o term of
imprisonment imposed on a person under this subsection shall run concurrently
with any other term of imprisonment . . . .

18 U.S.C. §924(c)(1)(A), (C)(i) and (D)(ii).   As the *Casiano* Court states:

Justice Scalia parsed the text of the statute [§ 924(c)] and concluded that the only
coherent reading of the language was that the word "conviction" used there
referred to a finding of guilt, and not to a final judgment, and that because
"findings of guilt on several counts are necessarily arrived at successively in
time," a finding of guilt on each count after the first was "second or
subsequent[.]"

113 F.3d at 424 (quoting *Deal*, 508 U.S. at 132, 133 n.1).

The carjacking and firearm offenses charged here did not involve the same victim and

occurred on three separate occasions.   Using the 2001 edition of the U.S. Sentencing Guidelines

Manual ("Guidelines"), Robles' convictions on the three (3) counts of use of a firearm in

connection with a crime of violence under 18 U.S.C. § 924 (Counts Two, Six, and Eleven) were

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 13

"not subject to an offense level calculation and/or grouping rules."  (Presentence Investigation

Report ("PSR") at ¶ 30.)    Guidelines § 2K2.4 directed that the term of imprisonment to be that

required by statute.

In this case, based on a total offense level of 33 and a criminal history category of II, the

Guidelines range for imprisonment was 151 to 188 months.  (PSR at ¶ 101.) The term of

imprisonment on Counts 6 and 11 was 20 years on each (totaling 480 months) to run consecutive

to any other term of imprisonment imposed.   Robles' sentencing range was established based on

the following:

| | |
|---|---|
| Base Level (2B3.1 – carjacking offense) | 20 |
| Specific Offense Characteristics | |
| 2b3.1(b)(2)(B) – use of a firearm | 06 |
| 2b3.1(b)(3)(A) – injury to victim | 02 |
| 2b3.1(b)(5) – offense involved carjacking | 02 |

Adding just the base level and specific offense characteristics resulted in an offense level of 30,

but pursuant to the rules for multiple-count adjustment (3D1.4), his offense level was increased

by 3 points.   Accordingly, the total offense level attributed to Robles was 33.

Robles avers that the specific offense characteristics (also referred to as enhancements)

were not found by a jury as required by *Apprendi* and *Blakely*.  The government counters that

two of those specific characteristics (use of a firearm, and that the offense involved carjacking)

necessarily were found in order for the jury to convict Robles of the § 924(c) firearm offenses,

and the third characteristic (injury to victim) did not require a specific jury finding.   The Court

agrees.

In *Apprendi*, the enhancement took the sentence outside the range specifically authorized

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 14

by the New Jersey statute for the crime in question, a second degree offense, and moved it into a

class equal to a first degree offense.  *Apprendi*, 530 U.S. at 491.  That is not the case here.  If

the 2b3.1(b)(3)(A) (injury to victim) specific characteristic had increased the maximum

punishment to which Robles was exposed under the carjacking statute, then it would likely have

implicated Robles' rights to a jury trial and proof beyond a reasonable doubt, regardless of

whether the injury to the victim was intended to operate as an "element" of the crime or an

"enhancement."  *See United States v. Grier*, 475 F.3d 556, 566 (3d Cir. 2007) (citation omitted).

>    As the *Grier* Court states:

>>    Th[e] [*Apprendi*] standard is not based upon the legislature's definition of a fact
>>    as an "element" or "enhancement," or upon a formalistic "multifactor parsing of
>>    statutes[]" . . . . Nor does it depend on whether the facts in question can be
>>    described as a "separate offense[]" . . . . As the Supreme Court stated in
>>    *McMillan,* there is no way to distinguish the finding of this kind of "separate
>>    offense" "from a host of other express or implied findings sentencing judges
>>    typically make on the way to passing sentence."  The sole question under
>>    *Apprendi* is whether the fact at issue increases the maximum punishment to which
>>    the defendant is exposed.  *Apprendi*, 530 U.S. at 490, 494 ("[T]he relevant
>>    inquiry is one not of form, but of effect-does the required finding expose the
>>    defendant to a greater punishment than that authorized by the jury's guilty
>>    verdict?").

>>    Facts relevant to application of the Guidelines -- whether or not they
>>    constitute a "separate offense" -- do not have this effect. . . . They inform the
>>    district court's discretion without limiting its authority.  They therefore do not
>>    constitute "elements" of a "crime" under the rationale of *Apprendi* and do not
>>    implicate the rights to a jury trial and proof beyond a reasonable doubt.

*Grier*, 475 F.3d at 567-68.   "At sentencing, a district court should apply a preponderance of the

evidence standard to all facts relevant to the Guidelines, including any finding that the defendant

committed the offense of conviction in connection with another felony."  *United States v. West*,

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 15

643 F.3d 102, 104-05 (3d Cir. 2011) (citing *Grier*, 475 F.3d at 568; *United States v. Berry*, 553 F.3d 273, 280 (3d Cir. 2009)).   In this case, Robles placed a gun to Mr. Freeman's face, ordered him to the ground, and then struck him in the head with the gun.   When Mr. Garcia tried jumping from the back seat during the carjacking, one of Robles' co-conspirators beat Garcia with the gun and placed him in the trunk.   They drove Garcia, whom they had ordered to strip naked, to a secluded area and ordered him to jump from a cliff.   Thus, the Court could, and did, find by the preponderance of the evidence that there was injury to victims that supported a 2b3.1(b)(3)(A) specific characteristic enhancement.   *See Robles*, 129 Fed. Appx. at 739 (finding that "[e]ach carjacking involved . . . use of a gun and Robles . . . accosted and physically harmed two . . . victims and brandished a gun at two others).

The Court sentenced Robles to a term of 151 months on Counts 1, 2, 4, 5, 8, 10, and 13;[11] five (5) years on Count 9; and 480 months on Counts 6 and 11.   The sentences were to run consecutively for a total sentence of 691 months.   Robles was sentenced at the low end of the statutory ranges on counts 1, 2, 4, 5, 8, 9, 10, and 13, and also given the statutorily mandated sentences on Counts 6 and 11.   Thus, the Court finds that his sentence did not run afoul of either *Apprendi* or *Blakely*.

*Booker* reaffirmed the *Apprendi* rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."   *Booker*, 543 U.S. at 244.   In the

---

[11]      Counts 3, 7, and 12, were subsequently reversed, and that reversal did not change the net effect of the sentence.   For the purposes of this argument, the Court omitted reference to those counts.

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 16

instant case, Robles faced a maximum penalty of 15 years on Count 1 alone, so the government

correctly argues that his sentence of 151 months on multiple counts that involve Guidelines

calculations (Counts 1-8, 10-13) did not exceed the maximum authorized by statute, which

would have been more than 75 years based solely on facts found by the jury.  (Resp. at 6.)  For

the reasons stated, the Court also does not find that Robles' sentence ran afoul of *Booker*.

In order to reach Robles' ineffective assistance of counsel claims, the Court first had to

first examine his sentence in light of *Apprendi*, *Blakely*, and *Booker*.  Having done so, and

finding no error, the Court can now determine whether counsel's assistance of counsel was

constitutionally deficient under *Strickland*.

The first prong of *Strickland* requires that Robles show that, considering the facts of the

case, his counsel's challenged action was unreasonable.  *See Strickland*, 466 U.S. at 690.  "A

fair assessment of attorney performance requires that every effort be made to eliminate the

distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct,

and to evaluate the conduct from counsel's perspective at the time."  *Id*. at 689.  Therefore,

Mingolla cannot be found to have provided constitutionally deficient assistance for failing to

object to a sentence that was supported by the evidence and within the statutory range for Robles'

offenses and criminal history category.   Having found that Mingolla did not act in a

professionally unreasonable manner with regard to sentencing under *Strickland*, the Court need

not proceed to an analysis of prejudice.  *See Boyd v. Waymart*, 579 F.3d 330, 376-77 (3d Cir.

2009) ("It is axiomatic that, to succeed on an ineffective assistance of counsel claim, a petitioner

must establish both prongs of the test enunciated by the Supreme Court in *Strickland*.").

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 17

**F.     No prior state/territorial conviction was used in the computation of Robles' criminal history category.**

Robles argues that his counsel provided ineffective assistance by allowing this Court to use his prior state/territorial conviction, over which it had no jurisdiction, for sentencing purposes.   He contends that he was entitled to notice of the use of the conviction under 21 U.S.C. § 851 before that conviction could be used to place him in a criminal history category of II.   The government counters that it is unaware of any state conviction that was used in Robles' sentencing.   Again, the government is correct.

The PSR listed two convictions as part of Robles' criminal history, but only one of those convictions (D.C. Criminal No. 1993-094, possession of an unlicensed firearm) was used to compute Robles' criminal history, and he was given three (3) points for that offense.   (PSR at ¶ 78.)   No points were given for Robles' juvenile conviction in the Superior Court.[12]   (*Id.* at ¶ 77.)   Robles does not argue that the Court erred in using his prior district court criminal conviction in calculating his criminal history, and because the district court conviction was the only one used, the Court finds that this argument lacks merit.   Again, the Court has no basis upon which to find that trial counsel provided ineffective assistance as it pertains to the PSR and sentencing.

**G.     Issues raised in Robles' supplemental § 2255 motion are untimely and do not relate back to his June 13, 2005 § 2255 motion.**

In his November 2011 supplemental § 2255 motion, Robles argues for the first time that

---

[12]     On October 29, 2004, the Territorial Court of the Virgin Islands was renamed the "Superior Court of the Virgin Islands."   *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004).

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 18

his counsel provided ineffective assistance by allowing him to answer to a crime over which this

Court lacked subject matter jurisdiction due to an expired statute of limitation.   That is, he was

arrested in 2001 for a 1996 carjacking, but the Government had five (5) years to bring the

carjacking charge, and therefore, counsel was ineffective in failing to raise the statute of

limitations issue at trial and on appeal.   The second issue raised in Robles' supplemental motion

is that his counsel was ineffective at trial in allowing him to be convicted where the evidence was

insufficient to convict him of carjacking and firearms possession because the government failed

to produce a victim who had been exposed to a weapon and carjacked and who testified that

Robles was responsible for those acts.   Instead, the government only produced a co-defendant,

Alex De Jesus, who testified against him, but no complaining witness was brought forth.   Thus,

counsel was inefficient in failing to require the government to prove every element of the crimes

against him.

In response to Robles' supplemental § 2255 motion, the Government argues that: 1) the

claims raised in the supplemental pleading are untimely and should be summarily denied; 2)

Robles may have been arrested on August 7, 2001, but the grand jury indicted him on May 24,

2001, therefore, he was charged within the 5-year statute of limitations; 3) counsel did raise the

sufficiency of the evidence on all counts on appeal and the Third Circuit concluded that there was

ample evidence to sustain the carjacking convictions; and 4) Robles' claims lack merit.

**1.      Timeliness of supplemental § 2255 motion.**

The Court ordered that Robles file his supplemental § 2255 motion no later than

Thursday, October 26, 2011.   (*See* ECF 36.)   His response was deposited untimely in the prison

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 19

mailbox on October 30, 2011. However, because Robles is *pro se* and he has provided a

statement and memos from the prison indicating that he was in lockdown, the Court will consider

his amended 2255 (filed three days late) as timely in the interest of justice.

> **2. Robles' supplemental claims do not relate back to the original § 2255 motion.**

On September 27, 2011 this Court ordered, *inter alia*, Robles be sent a copy of the trial

transcripts; that Robles was allowed to supplement the arguments raised in his original § 225

motion; and that any arguments that do not relate back to the specific issues raised in his original

motion shall be deemed untimely and would not be considered. (*Robles*, Order ECF 36.)

The Court is mindful of *Hodge v. United States*, 554 F.3d 372 (3d Cir. 2009) where the

Third Circuit iterates the relation back rule:

> Under Federal Rule of Civil Procedure 15(c)(1)(B), a party may properly raise a
> new claim or defense that would have been barred by the statute of limitations if
> the claim or defense "arose out of the conduct, transaction, or occurrence set
> out-or attempted to be set out-in the original pleading." In *United States v.
> Thomas*, 221 F.3d 430 (3d Cir. 2000), we held that the relation back rule applies
> to 2255 motions "insofar as a District Court may, in its discretion, permit an
> amendment . . . to provide factual clarification or amplification . . . as long as the
> [motion] itself was timely filed and the [movant] does not seek to add an entirely
> new claim or theory of relief." *Id.* at 436.

554 F.3d 372, 377 (3d Cir. 2009). In the instant matter, however, Robles' original and

supplemental claims are not "tied to a common core of operative facts," and relation back would

not be appropriate. *Id.* at 378 (quoting *Mayle v. Felix*, 545 U.S. 644, 664 (2005)). Hence, the

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 20

issues raised in Robles' supplemental § 2255 motion are untimely under the one-year limitation period prescribed by the AEDPA.[13]

## III.    CONCLUSION

For the reasons stated, the Court will deny Robles' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.   A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."   *See* 28

---

[13]      Even if the Court were to find that the issues raised in Robles' supplemental § 2255 motion related back, his arguments would, nonetheless, fail.  Robles raises, for the first time, the claim that this Court lacked jurisdiction over the offenses of which he was convicted, because they were not charged within the applicable statute of limitations.  As the Third Circuit explains in *United States v. Oliva*, 46 F.3d 320 (3d Cir. 1995):

> The general five-year statute of limitations applies to noncapital criminal offenses . . . .
> Accordingly, to avoid being considered time-barred, an indictment must be "found" within five
> years after the offense has been "committed." 18 U.S.C. § 3282.   An indictment is found when it
> is returned by a grand jury and filed.   *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir.), *cert
> denied*, 484 U.S. 853 (1987).

The government correctly notes that Robles was arrested on August 7, 2001, but the grand jury indicted him for the offenses of conviction on May 24, 2001.   (D.C. Cr. No. 2001-027, Doc. Nos. 1 and 8, Indictment, and Warrant for Arrest.)   Thus, Robles' crimes in June and July 1996 were indeed charged within the applicable statute of limitations.   This claim lacks merit, and the Court would not find ineffective assistance in counsel on this issue.

Robles also attempts to again challenge the sufficiency of the evidence to sustain his carjacking convictions.  This issue was raised on appeal and the Third Circuit found that there was sufficient evidence to sustain those convictions.   *Robles*, 129 Fed. Appx. at 738-39.   A § 2255 motion is not a substitute for an appeal, nor may it be used to relitigate matters decided adversely on appeal.   *Gov't of the VI v. Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir. 1985) (citations omitted).

With regard to his challenge to his co-conspirator DeJesus' credibility, the Third Circuit has previously noted that:

> Robles challenges the credibility of Alex DeJesus, his co-conspirator who testified against him at
> trial.   Issues of credibility are for the factfinder's consideration; this Court may not judge DeJesus'
> credibility.   *United States v. Casper*, 956 F.2d 416, 421 (3d Cir. 1992).

*Robles*, 129 Fed. Appx. at 739 n.1.   The same applies here.   Moreover, with Mingolla having successfully raised sufficiency of the evidence challenges, this Court would not find ineffective assistance of counsel on this claim.

*United States v. Robles*
D.C. CV. NO. 2005-091
Memorandum Opinion
Page 21

U.S.C. § 2253(c)(2).   There being no "substantial showing" that Robles' constitutional rights were violated, a certificate of appealability will not be issued.   *See United States v. Eyer,* 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2011).   An appropriate order follows.

        Dated this 23 day of March 2012.

                                        **ENTER:**


                                        /s/ Raymond L. Finch
                                        _____
                                        **RAYMOND L. FINCH**
                                        **SENIOR DISTRICT JUDGE**